```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |   |                      |
|------------------------------|---|----------------------|
| EMMANUEL EVARISTE,           ) |   |                      |
|           Plaintiff,         ) |   |                      |
|                              ) |   | CIVIL ACTION         |
|           v.                 ) |   | NO. 18-12662-WGY     |
|                              ) |   |                      |
| SUFFOLK COUNTY SHERIFF       ) |   |                      |
| DEPARTMENT,                  ) |   |                      |
|           Defendant.         ) |   |                      |

YOUNG, D.J.                                          March 25, 2019

**MEMORANDUM AND ORDER**

For the reasons stated below, the Court denies without prejudice the plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs as well as the remaining motions.  If plaintiff wishes to proceed with this action, he must file (1) a new, fully completed Application to Proceed in District Court without Prepaying Fees or Costs; and (2) a signed copy of his complaint.

**I.   Relevant Background**

Emmanuel Evariste ("Evariste"), now in custody at the Bristol County Jail and House of Correction, filed a pro se. See Docket No. 1.  Plaintiff's allegations stem from injuries he allegedly suffered in a motor vehicle accident while in custody of the Suffolk County Sheriff's Department.  Id.

On January 22, 2019, Evariste filed an Application to Proceed in District Court without Prepaying Fees or Costs accompanied by a copy of his inmate account activity report.  See Docket No. 10.  Also pending are motions for speedy trial, to amend, to expedite final

judgment, for injunctive relief, for summary judgment and for default judgment.[1]  See Docket Nos. 3, 7-8, 11-13, 15, 17-18.

## II. Discussion

Because Evariste is proceeding pro se, the Court liberally construes his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (noting that pro se pleadings are held to less demanding standards than those drafted by lawyers).  A court's solicitous discretion, however, is not unfettered.  See, e.g., Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that pro se litigants are not exempt from procedural rules); Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that pro se status does not insulate a party from complying with procedural and substantive law); FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) (pro se litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district).

Here, Evariste failed to sign and date his Application to Proceed in District Court without Prepaying Fees or Costs as well as his complaint.  See Docket Nos. 1, 10.  Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of

---

[1] The Court's records indicate that Evariste filed similar or the same motions in his other pending actions.  See Evariste v. Massachusetts Probation Service, et al., No. 18-12596-NMG; Evariste v. Boston Police Department, et al., No. 18-12597-FDS (filed Dec. 17, 2018);  Evariste v. U.S.Immigration and Custom Enforcement, No. 18-12660-NMG (filed Dec. 31, 2018); and Evariste v. Naphcare, No. 18-12661-RGS (filed Dec. 31, 2018).

record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A *pro se* party is required to comply with these local rules.").

Evariste's Application to Proceed in District Court without Prepaying Fees or Costs will be denied without prejudice to filing a new, fully completed Application to Proceed in District Court without Prepaying Fees or Costs. Evariste already filed a copy of his inmate account statement and he is not required to provide the Court with an additional copy.

Because Evariste is in custody, he is advised that prisoner plaintiffs are not entitled to a complete waiver of the filing fee. If he files a new Application to Proceed in District Court without Prepaying Fees or Costs, and it is granted, the Court will then direct the appropriate jail official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997).

## ORDER

Accordingly, the Court hereby ORDERS:

1. Plaintiff's Application (Docket No. 10) to Proceed in District Court without Prepaying Fees or Costs is denied without prejudice.

2. If Evariste wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he must file (1) a new, fully completed Application to Proceed in District Court without Prepaying Fees or Costs; and (2) a signed copy of the complaint.  The Clerk shall provide Evariste with a copy of the complaint so that if he wishes to proceed with this action, he may sign the last page of the complaint and return it to the Court.

3. The remaining motions (Docket Nos. 3, 7-8, 11-13, 15, 17-18) are denied without prejudice.

4. Failure to comply with these directives will subject this case to dismissal without prejudice.

**SO ORDERED.**

 /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE