```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| EMMANUEL EVARISTE, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 18-12662-WGY |
| ) | |
| SUFFOLK COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| Defendant. ) | |

YOUNG, D.J.                                              July 10, 2019

**ORDER**

Plaintiff Emmanuel Evariste, an immigration detainee now in custody at the Bristol County Jail and House of Correction, brings this pro se action alleging violations of 42 U.S.C. § 1983 and seeks damages for injuries he allegedly sustained while riding as a passenger in a Suffolk County Sheriff prison transport van and thereafter denied medical treatment.

On April 15, 2019, the Court granted Plaintiff's request to proceed in forma pauperis and granted plaintiff leave to file his proposed amended complaint. See Docket No. 26. At that time, Evariste was advised that his proposed amended complaint against the Suffolk County Sheriff's Department was subject to dismissal because allegations of negligence are insufficient to establish a violation of the Eighth or Fourteenth Amendment and that only individuals who participated in the in the conduct that deprived the plaintiff of his rights can be held liable. Id. He was also advised that as a state

agency, the sheriff's department is protected from suit by the state's immunity from suit under the Eleventh Amendment.  Id.

Now before the Court are Evariste's motions to issue summons, for leave amend (with proposed amended complaint), to appoint marshal for service, and affidavit of default.  See Docket Nos. 27 – 30.  The proposed amended complaint names as defendant the City of Boston ("the City") and again seeks damages for injuries he allegedly sustained while riding as a passenger in a prison transport van and thereafter denied medical treatment.  See Docket No. 29-1.  In addition to repeating the allegations of negligence, Evariste now references Monell[1] and alleges that a "city may only be held liable under § 1983 for its own unconstitutional action."  Id.  He also alleges that "Suffolk County Sheriff's Officers denied [Evariste] medical treatment in violation of the Eighth and Fourteenth Amendments."  Id.  Although the proposed amended complaint names the City of Boston as defendant, it fails to cure the deficiencies noted in the Court's April 15, 2019 Memorandum and Order.

Even construing all relevant factual allegations in the proposed amended complaint in Evariste's favor, the proposed amended complaint is devoid of any specific allegations that could lead to the inference that an official City policy, practice, or custom caused Evariste's alleged constitutional injuries.  As to the allegations of deliberate indifference to his serious medical need, the proposed

---

[1] Monell v. Dept. of Soc. Servs. of the City of N.Y., 436 U.S. 658 (1978).

amended complaint does not allege a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002).

Although Evariste alleges that officers denied him medical treatment despite knowing that he was injured, the proposed amended complaint does not name any defendant other than the City of Boston.

Plaintiff's proposed amended complaint fails to cure the deficiencies noted in the Court's prior order. Accordingly, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim on which relief may be granted.

Based on the foregoing, and in accordance with the Court's Memorandum and Order dated April 15, 2019, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. The Clerk shall terminate the pending motions and enter a separate order of dismissal.

**SO ORDERED.**

    /s/ William G. Young
    WILLIAM G. YOUNG
    UNITED STATES DISTRICT JUDGE